**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRENDA A. JOHNSON,

      Plaintiff-Appellant,

v.

SHAWNEE COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Defendant-Appellee.

No. 03-3196
(D.C. No. 02-CV-4024-JAR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **ANDERSON**, and **BRISCOE**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff Brenda Johnson sued her former employer, the Board of County

Commissioners of Shawnee County, Kansas, alleging that it violated the

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, Title VII of the Civil Rights Act (Title VII), 42 U.S.C. §§ 2000e through 2000e-17, and the Kansas Act Against Discrimination (KAAD), Kan. Stat. Ann. §§ 44-1001 through 44-1013. The district court granted summary judgment to defendant on all claims, and plaintiff appeals.

The district court's order sets forth the relevant facts. Briefly, plaintiff had a history of fibromyalgia and seizures controlled by medication. She was employed by defendant as a registered nurse. Although defendant had previously agreed to accommodate plaintiff's disabilities by scheduling her to work on a schedule of five days on and two days off if it would not cause it undue hardship, it scheduled plaintiff to work over a weekend during a nursing shortage. Plaintiff refused to work the weekend, citing a recent seizure. Defendant requested a medical evaluation from a physician, but thereafter did not schedule plaintiff to work more than five days in a row. Based on plaintiff's description of her current seizure activity, defendant placed plaintiff on medical leave and asked her to provide medical documentation that her seizures were under control, and that any seizure she might suffer on the job would be so minor as to not cause a direct threat to plaintiff or her patients. When plaintiff did not provide this medical documentation after more than six months, defendant terminated her employment.

Plaintiff filed a complaint alleging that defendant failed to provide reasonable accommodations for her disabilities in violation of the ADA, terminated her in retaliation for making a claim under the ADA, and discriminated against her in violation of the ADA and Title VII by refusing to afford her, as an African-American, the same or similar accommodations afforded to similarly situated Caucasian employees. The district court found that plaintiff was disabled as defined by the ADA because the evidence supported an inference that defendant regarded her as disabled. *See* 42 U.S.C. § 12102(2)(C). It ruled, however, that there was no evidence defendant had failed to reasonably accommodate her disability. *See* 42 U.S.C. § 12112(b)(5)(A). Further, it ruled that plaintiff had not presented evidence that defendant retaliated against her or that she was treated differently than other similarly-situated employees.

"We review a grant of summary judgment *de novo*, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

-3-

Plaintiff argues on appeal that the district court erroneously granted summary judgment in favor of the defendant because it ignored facts that she believes to be material and improperly weighed the evidence. Plaintiff further argues that the district court erred as a matter of law in finding that she did not demonstrate violations of Title VII, the ADA, and the KAAD.

We have reviewed the parties' briefs, the record on appeal, the relevant law, and the district court's order. We have considered plaintiff's arguments, and we conclude that the district court thoroughly and accurately recited the evidence of record, did not omit material facts or improperly weigh the evidence, and correctly determined there was no evidence defendant had failed to reasonably accommodate her disability, treated her differently than other similarly situated employees or retaliated against her. We need not add anything to the district court's decision which contains a well-reasoned legal analysis and detailed discussion of the evidence before that court. Therefore, we AFFIRM the district court's grant of summary judgment for substantially the reasons stated in its Memorandum Order dated May 28, 2003.

Entered for the Court


Stephen H. Anderson
Circuit Judge